# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM C. HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1582 RWS |
| | ) | |
| KENNERT WHITLOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Whitlock's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The motion will be granted.

Plaintiff has filed a pro se complaint against Kennert Whitlock and Jane Indihar alleging several violations of his constitutional rights and several violations of the federal criminal code. Plaintiff alleges that he is researching and writing a book on government corruption called *Gangster Nation*. Plaintiff claims that defendants, who are his neighbors, are conducting surveillance on him and are hacking his computers on behalf of the United States government. Plaintiff says that he has noticed such computer surveillance when, for instance, several characters of text, which he did not type, mysteriously appeared on his computer screen. Plaintiff also believes that he is the "lost" or "covert" grandson of Howard Hughes, who he believes was a long-time partner of the CIA. Plaintiff seeks an injunction enjoining any future surveillance and $4 million in money damages.

A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level. Id. at 1965.

The instant complaint will be dismissed because it fails "to state a claim for relief that is plausible on its face." Id.; c.f., Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (allowing pre-service dismissal of *in forma pauperis* complaints that are fanciful, fantastic, or delusional). The instant complaint is obviously delusional. As a result, defendant Whitlock's motion to dismiss will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Whitlock's motion to dismiss [#4] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Whitlock is **DISMISSED** as party defendant.

Dated this 16th day of October, 2007.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE